UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAERSK LINE A/S,<br><br>　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>WORLD CARGO SOLUTIONS LLC,<br><br>　　　　　　　　　　Defendant. | 22 Civ. 8525<br><br><br>COMPLAINT |

PLEASE TAKE NOTICE that Plaintiff, MAERSK LINE A/S ("MAERSK"), by its attorneys, Mahoney & Keane, LLP, as and for a Complaint against Defendant, WORLD CARGO SOLUTIONS LLC ("WCS"), alleges, upon information and belief, as follows:

1. This is a claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under the Court's admiralty and maritime and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333 in that it involves a claim for the breach of a maritime contract.

2. Plaintiff, MAERSK, is a corporation duly organized and existing pursuant to the laws of foreign country, with offices and place of business located at 50 Esplaneden, DK-1098, Copenhagen K, Denmark.

3. Defendant, WCS, is a corporation duly organized and existing pursuant to the laws of Texas with offices and a place of business located at 1926 Rankin Road, Suite 100, Houston, Texas 77073 and a registered agent located at 10934 Leaning Ash Lane, Houston, Texas 77079.

4. The United States District Court for the Southern District of New York is the proper venue for this action pursuant to the Law and Jurisdiction clause contained in the governing bill of lading.

5. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "5" as if specifically set forth herein at length.

7. On or about May 17, 2019 and June 6, 2019, and at all times relevant herein, MAERSK, as "Carrier", and WCS, as "Shipper" and "Merchant", entered into and were parties to Non-Negotiable Waybills numbered 968829649 and 969105120 for the ocean carriage of two shipper-stuffed-and-sealed containers from Houston, Texas to Mersin, Turkey ("Turkey-bound containers") and two containers from Houston, Texas to Doha, Qatar ("Qatar-bound containers"), respectively.

8. Once the containers were delivered to MAERSK for shipment, the Waybills' Terms and Conditions provided, inter alia, that WCS would indemnify MAERSK for all liabilities, losses, damages costs, delays, expenses, and attorneys' fees resulting from any impediment, delay, suspension, stoppage, or interference in the carriage of the goods in the containers and/or resulting from the unsuitability of the goods in the containers and/or resulting from any illegality of the goods in the containers and/or resulting from any failure to comply with all regulations or requirements of customs, port, and other authorities with respect to the goods in the containers.

9. All of the containers were delivered to MAERSK for shipment, accordingly.

10. However, on or about May 6, 2019, the Office of Export Enforcement, Bureau of Industry and Security, of the United States Department of Commerce advised the Defendant that a hold had been placed on the Turkey-bound containers and they could not ship.

11. Nonetheless, WCS failed to advise MAERSK that the Turkey-bound containers had been detained until May 17, 2019, by which point the Turkey-bound containers had already been loaded aboard the vessel the day before.

12. As a result of the foregoing, the Turkey-bound containers were then required to be off-loaded, causing expenses and delays to inure to Plaintiff.

13. Plaintiff duly performed all duties and obligations required to be performed by Plaintiff in connection with the goods.

14. But Defendant wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject agreements by, inter alia, failing to pay for pilot fees, dockage, operations and labor, and deviation costs arising from incident concerning the Turkey-bound containers, as well as handling, import service, and documentation fees at destination arising from the shipment of the Qatar-bound containers, all as duly invoiced by Plaintiff to Defendant.

15. As a result of Defendant's breach of the agreements, Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the governing contract and at law.

16. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject agreements and violated Plaintiff's rights under the law.

17. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiff's damages due and owing under the agreements and at law.

18. By reason of the foregoing, Plaintiff has sustained damages in the amount of $131,575.62, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "18" as if specifically set forth herein at length.

20. Defendant has an account stated with Plaintiff.

21. By reason of the foregoing, Plaintiff has sustained damages in the amount of $131,575.62, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.<u>AS AND FOR A</u>

<u>THIRD CAUSE OF ACTION</u>

22. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "21" as if specifically set forth herein at length.

23. Defendant has been unjustly enriched at Plaintiff's expense, and Plaintiff is entitled to restitution from Defendant in the amount of $131,575.62, together with interest, costs, fees, including reasonable attorneys' fees, and expenses.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>

24. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "23" as if specifically set forth herein at length.

25. Plaintiff is due from Defendant the <u>quantum meruit</u> of Plaintiff's services.

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff for an amount exceeding $131,575.62, together with interest, costs, fees, including reasonable attorneys' fees, and disbursements; that Court process be issued against the Defendant; and that Plaintiffs be granted such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 6, 2022

                                            MAHONEY & KEANE, LLP
                                            Attorneys for Plaintiff

By:   s/ Garth S. Wolfson
      Edward A. Keane
      Garth S. Wolfson
      40 Worth Street, Suite 602
      New York, New York 10013
      (212) 385-1422
      Our File: 12/4510